O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02766 AHM (SSx) | Date | June 29, 2009 |
|---|---|---|---|
| Title | ROBERTO RUIZ v. SAXON MORTGAGE SERVICES *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

This case arises out of a home foreclosure. Plaintiff Roberto Ruiz "allowed [his mortgage loan to fall into serious delinquency[,]" and attempted unsuccessfully to secure a loan modification from the servicer of the loan, Defendant Saxon Mortgage Services ("Saxon"). Compl. ¶ 18. As a result, on January 14, 2009, Plaintiff's house was sold at a foreclosure sale. On February 19, 2009, Plaintiff filed a complaint in state court, asserting thirteen causes of action against Saxon, Quality Loan Services Corporation, DOE Lender, and Does 1 to 100. The two named defendants timely removed the action to this Court on April 21, 2009.

Now before the Court is Saxon's motion to dismiss the complaint for failure to state a claim or, in the alternative, motion for a more definite statement and to strike certain portions of the complaint. The motion is supported by a Request for Judicial Notice documenting the chain of title leading up to and including the Trustee's Deed Upon Sale. The Court GRANTS the Request for Judicial Notice.

Plaintiff, who is represented by an attorney, has not filed an opposition to Saxon's motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. As explained below, on its face the motion appears to be meritorious. Accordingly, the Court GRANTS Plaintiff's motion to dismiss.

Saxon has pointed out defects in every cause of action and cited to the applicable authorities. As Saxon also notes, the complaint is obviously hastily generated from a template. Previous clients' names were not even removed from some paragraphs. *See* Compl. ¶¶ 85-86.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02766 AHM (SSx) | Date | June 29, 2009 |
|---|---|---|---|
| Title | ROBERTO RUIZ v. SAXON MORTGAGE SERVICES *et al.* | | |

     A few more egregious defects must be noted.  First, the complaint is filled with barely comprehensible, grammatically incorrect allegations.  *See, e.g.*, Compl. ¶¶ 3, 16, 18, 20, 23, 24, 27, 43, 45.  For most of the claims, Plaintiff fails to indicate which Defendant(s) the claim is directed toward.  The complaint is also internally contradictory at places.  For example, Plaintiff asserts a claim for breach of contract, but he does not identify the contract in question, and elsewhere in the complaint he states that he did not execute any contract with the two named defendants.  *Compare* Compl. ¶¶ 37-40 *and* ¶ 77.  In support of his "Wrongful Foreclosure" claim under California Civil Code § 2824, Plaintiff asserts that Defendants refused to communicate with Plaintiff regarding the status of the loan during the weeks and months leading up to the foreclosure sale, but elsewhere he specifically alleges that he entered into negotiations with Saxon for the purpose of securing a loan workout or reinstatement.  *Compare* Compl. ¶ 18 and ¶ 31.  In addition, the cause of action for "Predatory Lending Fraud" or "Predatory Lending Violations" is so poorly drafted that it does not give notice of the legal basis for the claim.  *See* Compl. ¶¶ 35-36.  Finally, the complaint relies upon a statute that obviously does not apply to Plaintiff Roberto Ruiz's case.  The City of Los Angeles's anti-predatory lending ordinance (Compl. ¶¶ 101-102) does not apply to Plaintiff because the home loan was secured on his house in the City of Norwalk.  This ordinance would not have been included by any attorney who has attempted to comply with his obligations under Rule 11.[1]

---

     [1]Other circumstances also undermine the Court's confidence that Plaintiff has complied with Rule 11.  Grouped under the predatory lending cause of action in paragraph 36 is a laundry list of statutory violations.  Subparts 9 through 12 contain verbatim the same language as the language appearing on the face page of multiple complaints recently filed by *pro se* plaintiffs and assigned to this Court.  See complaints in *Galindo v. Bank of New York Trust Company*, CV 09-1302 AHM (CTx), *Roldan v. Deutsche Bank National Trust Company*, CV 09-1298 AHM (RCx), *Aguirre v. Deutsche Bank National Trust Co.*, CV 09-1302 AHM (CTx).  The boilerplate recitation of the provision requiring FDIC-regulated institutions to comply with GAAP accounting rules, 12 U.S.C. § 1831n(2)(A), and the criminal liability provision of the Truth In Lending Act, 15 U.S.C. § 1611 is highly questionable, given that courts, including this Court, have repeatedly held that a private right of action does not exist under those provisions.  Compl. ¶ 36, subparts 10, 12.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02766 AHM (SSx) | Date | June 29, 2009 |
|---|---|---|---|
| Title | ROBERTO RUIZ v. SAXON MORTGAGE SERVICES *et al.* | | |

The Court GRANTS Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) with leave to amend every claim except for the claim under the Los Angeles ordinance. That claim is dismissed without leave to amend. The Court need not address Defendant's contentions concerning the striking of certain allegations and prayers for relief, but Plaintiff is advised to pay heed to those arguments if he amends his complaint.[2] Any First Amended Complaint must be filed by not later than July 7, 2009. Failure to timely file an amended complaint will result in dismissal of this action with prejudice.

| | | |
|---|---|---|
| Initials of Preparer | | SE |

---

[2] For example, Defendant requests that paragraph 33 be stricken. In paragraph 33 Plaintiff states that California Civil Code § 2923.6, enacted in July 2008, "requires Lenders of residential loans in the State of California to accept loan modifications in most foreclosure situations." Section 2923.6 is a statement of legislative findings to the effect that loan modification is desirable under certain circumstances. Thus, as a matter of law it is almost impossible to permit section 2923.6 to be construed to impose any mandatory duty that would lead to a cognizable claim for "wrongful foreclosure."